UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHIRLANA RAMIREZ,

   Plaintiff,

v.            Case No. 8:22-cv-485-AEP

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

   Defendant.

_____/

## ORDER

  Plaintiff seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

### I.

**A.**  **Procedural Background**

  Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 234-47). The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration (Tr. 146-48, 151-53, 160-72, 176-88). Plaintiff then requested an administrative hearing (Tr. 189-90). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 38-88). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled

and accordingly denied Plaintiff's claims for benefits (Tr. 17-37). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-6). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**B.    Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1971, claimed disability beginning on May 30, 2013 (Tr. 234, 241).[1] Plaintiff has at least a high school education (Tr. 284). Plaintiff has past relevant work experience as a triage nurse and a bus driver (Tr. 47, 49). Plaintiff alleged disability due to back problems and back surgery (Tr. 283).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2024 and had not engaged in substantial gainful activity since March 27, 2018, the amended onset date (Tr. 23). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: spine disorders, diabetes mellitus, and obesity (Tr. 23). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 25). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform sedentary work such that she is limited to lifting and carrying 10 pounds occasionally and less than

---

[1] At the hearing, Plaintiff's attorney amended Plaintiff's onset date to March 27, 2018, which was the last time Plaintiff was able to work (Tr. 44-45).

10 pounds frequently; sitting for six hours in an eight-hour workday; standing/walking for two hours in an eight-hour workday; pushing/pulling as much as she can lift/carry; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; frequently work at unprotected heights, around moving, mechanical parts, or around vibration; and needs to use a cane for ambulation (Tr. 26). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 27, 29).

Given Plaintiff's background, RFC, and the assessment of a vocational expert ("VE"), the ALJ determined that Plaintiff can perform her past relevant work as a triage nurse as actually performed and as generally performed and as a school bus driver as actually performed (Tr. 29). Additionally, based on the VE's testimony, the ALJ found that there are other jobs that Plaintiff can perform, like a call out operator, document preparer, and nut sorter, which exist in significant numbers in the national economy (Tr. 29-30). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the VE's testimony, the ALJ found Plaintiff not disabled (Tr. 31).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect, including a provision for payment of a child's benefits on the earnings record of an insured person who is entitled to benefits if the claimant is 18 years old or older and has a disability that began before attaining the age of twenty-two. *See* 20 C.F.R. § 404.350(a)(5); *see* 42 U.S.C. § 402(d)(1). These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; (3) whether the

severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and (4) whether the claimant can perform his or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The

Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam) (citations omitted).

## III.

Plaintiff argues that the ALJ erred by (1) failing to adequately evaluate Plaintiff's subjective complaints of pain, lack of concentration, and sleepiness, and (2) improperly relying on the VE's testimony. For the following reasons, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

### A.    Plaintiff's Subjective Complaints

First, Plaintiff contends the ALJ erred in evaluating Plaintiff's subjective complaints of pain, lack of concentration, and sleepiness. The Commissioner responds that substantial evidence supports the ALJ's evaluation of Plaintiff's subjective complaints in the RFC analysis.

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545, 416.920(a)(4)(iv), 416.945. To determine a claimant's RFC, an ALJ makes an assessment based on all the relevant evidence of record as

to what a claimant can do in a work setting despite any physical or mental limitations caused by the claimant's impairments and related symptoms. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In rendering the RFC, therefore, the ALJ must consider the medical opinions in conjunction with all the other evidence of record and will consider all the medically determinable impairments, including impairments that are not severe, and the total limiting effects of each. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(2) & (e), 416.920(e), 416.945(a)(2) & (e); *see Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (stating that the "ALJ must consider the applicant's medical condition taken as a whole"). In doing so, the ALJ considers evidence such as the claimant's medical history; medical signs and laboratory findings; medical source statements; daily activities; evidence from attempts to work; lay evidence; recorded observations; the location, duration, frequency, and intensity of the claimant's pain or other symptoms; the type, dosage, effectiveness, and side effects of any medication or other treatment the claimant takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the claimant receives or has received for relief of pain or other symptoms; any measures the claimant uses or has used to relieve pain or symptoms; and any other factors concerning the claimant's functional limitations and restrictions. 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 404.1545(a)(3), 416.929(c)(3)(i)-(vii), 416.945(a)(3); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996); SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017).

As indicated, in addition to the objective evidence of record, the ALJ must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective evidence and other evidence. [2] *See* 20 C.F.R. §§ 404.1529, 416.929; SSR 16-3p, 2017 WL 5180304, at *2. However, a claimant's statement as to pain or other symptoms shall not alone be conclusive evidence of disability. 42 U.S.C. § 423(d)(5)(A). To establish a disability based on testimony of pain and other symptoms, the claimant must show evidence of an underlying medical condition and either (1) objective medical evidence confirming the severity of the alleged symptoms or (2) that the objectively determined medical condition can reasonably be expected to give rise to the alleged symptoms. *Wilson*, 284 F.3d at 1225 (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)); *see* 20 C.F.R. §§ 404.1529, 416.929. Consideration of a claimant's symptoms thus involves a two-step process, wherein the ALJ first considers whether an underlying medically determinable physical or mental impairment exists that could reasonably be expected to produce the claimant's symptoms, such as pain. 20 C.F.R. §§ 404.1529(b), 416.929(b); SSR 16-3p, 2017 WL 5180304, at *3-9. If the ALJ determines that an underlying physical or mental impairment could reasonably

---

[2] The regulations define "objective evidence" to include evidence obtained from the application of medically acceptable clinical diagnostic techniques and laboratory findings. 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). Additionally, the regulations define "other evidence" to include evidence from medical sources, non-medical sources, and statements regarding a claimant's pain or other symptoms, including about treatment the claimant has received. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). Moreover, the regulations define "symptoms" as a claimant's own description of his or her physical or mental impairment. 20 C.F.R. §§ 404.1502(i); 416.902(n).

be expected to produce the claimant's symptoms, the ALJ evaluates the intensity and persistence of those symptoms to determine the extent to which the symptoms limit the claimant's ability to perform work-related activities. 20 C.F.R. §§ 404.1529(c), 416.929(c); SSR 16-3p, 2017 WL 5180304, at *3-9. When the ALJ discredits the claimant's subjective complaints, the ALJ must articulate explicit and adequate reasons for doing so. *Wilson*, 284 F.3d at 1225 (citation omitted). A reviewing court will not disturb a clearly articulated finding regarding a claimant's subjective complaints supported by substantial evidence in the record. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014); *see Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995) (per curiam) (citation omitted).

In the instant case, the ALJ discussed Plaintiff's allegations regarding her back impairments and her testimony regarding her pain and limitations (Tr. 26). Ultimately, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [her] statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision" (Tr. 26-27). The ALJ found that Plaintiff's daily activities suggested that her conditions were not as limiting as alleged (Tr. 27). The ALJ noted that, for example, Plaintiff reported having the ability to care for children, fold laundry, watch television, read a book, and shop by phone and computer (Tr. 27). Moreover, the ALJ found that Plaintiff's treatment

9

was effective and she reported that her pain issues were stable with medications (Tr. 27).

Contrary to Plaintiff's argument, the ALJ did not mischaracterize Plaintiff's ability to partake in daily activities. Rather, Plaintiff in fact reported that she could fold her and her husband's laundry (Tr. 297), that she shops for food and household items by phone and on the computer (Tr. 298), that she watches television and reads books (Tr. 299), and there are multiple reports in the record that she was helping take care of her grandchild (Tr. 666, 681, 1228).

Additionally, Plaintiff reported improvement in her activities of daily living (Tr. 456, 463-64, 553) and improvement of pain with medications (Tr. 553). As the ALJ acknowledged, Plaintiff suffers from chronic low back pain and underwent back surgery (Tr. 593). However, psychical examination demonstrated Plaintiff had no deformities, normal strength, intact sensation, full range of motion, no extremity edema, no muscle spasms, normal balance, negative straight leg raises, and normal gait (Tr. 1050, 1054, 1058, 1061, 1084, 1086, 1128-29, 1148, 1151, 1153-55, 1173, 1245-46). The examinations also note Plaintiff's ability to ambulate (Tr. 794, 929, 1036, 1040, 1283, 1356). Moreover, an MRI of Plaintiff's lumbar spine revealed no significant changes when compared to her previous exam in 2014 (Tr. 542-43).

It is also worth noting that in addressing Plaintiff's four broad functional areas of mental functioning in step two, known as the Paragraph B criteria, the ALJ found that Plaintiff had only mild limitations in the functional area of concentrating, persisting, or maintaining pace (Tr. 24). The ALJ reasoned that Plaintiff was able

to follow along and answer questions at the hearing and she had reported having the ability to pay bills, count change, handle a savings account, and use a checkbook/money order, which the ALJ concluded were activities requiring concentration and persistence (Tr. 24). In discussing Plaintiff's alleged mental impairments in the RFC analysis, the ALJ found persuasive the mental assessments of the state agency psychological consultants, who concluded that Plaintiff had no more than mild mental limitations (Tr. 93-94, 105-106). During examinations, Plaintiff also presented as oriented, with appropriate mood and affect, and exhibiting intact insight and judgment (Tr. 567, 683, 698, 707, 715, 722, 728, 735, 765, 785, 792, 884, 927, 1002, 1270).

To the extent Plaintiff disagrees with the ALJ's RFC finding, the ALJ considered all of this evidence, as well as Plaintiff's subjective complaints to the extent they were consistent with the evidence and crafted an RFC that adequately reflected Plaintiff's limitations. The ALJ found that the RFC accounted for all of Plaintiff's severe physical impairments with a limitation of sedentary work and additional exertional and non-exertional limitations (Tr. 28). Indeed, the ALJ accounted for Plaintiff's complaints of chronic pain and neuropathy with limitations of frequently work at unprotected heights, around moving mechanical parts, or around vibration (Tr. 28). Moreover, the ALJ accounted for Plaintiff's daily use of a cane with a limitation of needing to use a cane for ambulation (Tr. 28-29). In sum, Plaintiff has not shown that the ALJ ran afoul of the Eleventh Circuit's pain standard. *See Holt*, 921 F.2d at 1221. As contemplated by the regulations, the ALJ

considered objective medical evidence and treatment history and articulated specific and adequate reasons for finding Plaintiff's subjective complaints not entirely consistent with the evidence. *See, e.g.*, *Markuske v. Comm'r of Soc. Sec.*, 572 F. App'x 762, 767 (11th Cir. 2014) (finding the ALJ's discussion of objective medical evidence of record provided "adequate reasons" for the decision to partially discredit the claimant's subjective complaints). To the extent Plaintiff asks the Court to re-weigh the evidence or substitute its opinion for that of the ALJ, it cannot. If the ALJ's findings are based on the correct legal standards and are supported by substantial evidence – as they are here – the Commissioner's decision must be affirmed even if the undersigned would have reached a different conclusion. *See Foote,* 67 F.3d at 1562 ("A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court.") (citing *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)). On this record, the ALJ did not err in considering Plaintiff's subjective complaints.[3]

## B.   VE's Testimony

Second, Plaintiff contends that the VE's testimony did not support the ALJ's decision because the ALJ failed to ask the VE a complete and sufficient hypothetical that included all of her impairments.

---

[3] To reiterate, when reviewing an ALJ's decision, the Court's job is to determine whether the administrative record contains enough evidence to support the ALJ's factual findings. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Id.* In other words, the Court is not permitted to reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth*, 703 F.2d at 1239.

12

At step five, the ALJ must consider the assessment of the RFC combined with the claimant's age, education, and work experience to determine whether the claimant can make an adjustment to other work. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work, a finding of not disabled is warranted. *Phillips*, 357 F.3d at 1239. Conversely, if the claimant cannot make an adjustment to other work, a finding of disabled is warranted. *Id.* At this step, the burden temporarily shifts to the Commissioner to show other jobs exist in significant numbers in the national economy which, given the claimant's impairments, the claimant can perform. *See Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018); *see Foote*, 67 F.3d at 1559; 20 C.F.R. § 404.1520(a)(4)(v). "The ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." *Wilson*, 284 F.3d at 1227 (citation omitted). There are two avenues by which an ALJ may determine a claimant's ability to adjust to other work in the national economy: namely, by applying the Medical Vocational Guidelines and by using a VE. *Phillips*, 357 F.3d at 1239-40. Typically, where the claimant cannot perform a full range of work at a given level of exertion or where the claimant has non-exertional impairments that significantly limit basic work skills, the ALJ must consult a VE. *Id.* at 1242. The regulations anticipate the Commissioner's reliance on the VE for his or her knowledge and expertise and explicitly state a "vocational expert or specialist may offer relevant evidence within his or her expertise or knowledge

concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy." 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2).

If the ALJ utilizes the testimony of a VE, the ALJ must pose an accurate hypothetical to the VE that accounts for all of the claimant's impairments. *Ingram*, 496 F.3d at 1270 (citation omitted). When the ALJ properly rejects purported impairments or limitations, the ALJ need not include those findings in the hypothetical posed to the VE. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) ("[T]he ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported"). For a VE's testimony to constitute substantial evidence, however, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. *Wilson*, 284 F.3d at 1227.

Essentially, Plaintiff contends that the ALJ's hypothetical to the VE was deficient because of the ALJ's alleged error in evaluating Plaintiff's subjective complaints regarding pain, concentration, and sleepiness. Thus, Plaintiff argues that the VE's testimony does not constitute substantial evidence to support the ALJ's finding at step five. However, for the reasons stated above, substantial evidence supports the ALJ's RFC finding and the ALJ was under no obligation to include impairment or limitations in the hypothetical that he has rejected as unsupported. *See Crawford*, 363 F.3d at 1161. Thus, the ALJ properly submitted Plaintiff's RFC to the VE (*see* Tr. 77-78).

Plaintiff also argues that her past work as a school bus driver was improperly classified as sedentary. Specifically, Plaintiff contends that the Dictionary of Occupational Titles ("DOT")[4] classifies the bus driver position as medium work as a result of its exertion requirements rather than its lifting requirements. The regulations classify jobs as sedentary, light, medium, heavy, and very heavy. 20 C.F.R. §§ 404.1567, 416.967. Sedentary work is defined as follows:

> (a) Sedentary work. Sedentary work that involves "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a), 416.967(a). Whereas medium work is defined as follows:

> (c) Medium work. Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.

20 C.F.R. §§ 404.1567(c), 416.967(c). At the hearing, the following exchange occurred regarding Plaintiff's past work as a school bus driver:

> VE: Okay and you were a school bus driver, correct?

> CLMT: Correct. I left there in 1999 and I went back in 2015.

> VE: Okay, sounds good. Bus driver, DOT code 913.463-010, SVP skill level 4, generally performed at the medium exertion level and I wanted

---

[4] The DOT is an extensive compendium of data about the various jobs that exist in the United States economy, and includes information about the nature of each type of job and what skills or abilities they require." *Washington*, 906 F.3d at 1357 n.2.

to ask the claimant if that was actually performed at the medium exertion level or maybe sedentary.

ALJ: Ma'am, as it relates to your bus driving work, what was the heaviest amount of weight you had to lift or carry in that job? Ms. Ramirez, as it relates to your bus driving work, what was the heaviest amount of weight you had to lift or carry in that job?

CLMT: On -- on school bus driving?

ALJ: Yes.

CLMT: I never had to lift anything. I'd sit in the bus and drove.

ALJ: Okay.

VE: I'll classify that as actually performed at the sedentary exertion level.

(Tr. 75-76).

Thus, based on Plaintiff's testimony that she never had to lift anything, the VE testified that although the bus driver position was generally performed at the medium exertional level, Plaintiff actually performed it at the sedentary exertion level (Tr. 75-76). Nothing in the record indicates that Plaintiff can no longer perform the work of a school bus driver as she actually performed it, given her testimony. Even if the ALJ's findings regarding Plaintiff's ability to perform the work of a school bus driver as she actually performed it was not supported by the record, the ALJ alternatively found that in addition to past relevant work, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform considering her age, education, work experience, and RFC (Tr. 29).

Moreover, Plaintiff argues that the hypothetical to the VE did not include any limitations as a result of Plaintiff's alleged difficulty concentrating although the

ALJ found that Plaintiff had mild limitations in her ability to concentrate, persist, and maintain pace. As discussed above, substantial evidence supports the ALJ's RFC finding, and the ALJ properly submitted Plaintiff's RFC to the VE. Additionally, ALJs are not obligated to include mental limitations in the RFC even when they find "mild" limitations in the paragraph B criteria. *See Chestang v. Comm'r of Soc. Sec.*, No. 8:21-CV-482-MRM, 2022 WL 4354849, at *8 (M.D. Fla. Sept. 20, 2022) (collecting cases). Plaintiff argues that there may be jobs that require a high level of concentration where even mild limitations would preclude the ability to perform the job. However, Plaintiff points to no evidence or authority in support of her argument.

Plaintiff also mentions that she was only four months shy of her 50th birthday as of the date of the ALJ's decision and if it is determined that she cannot perform her past relevant work, and is limited to simple, routine, repetitive work, the Medical Vocational Guidelines (the "Grids") would now direct a finding of disabled.

The ALJ, in part, decides Plaintiff's claim pursuant to regulations designed to incorporate vocational factors into the consideration of disability claims. *See* 20 C.F.R. §§ 404.1501, *et seq.* These regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the Regulations direct that an individual's RFC, age, education, and work experience be considered in determining whether

the claimant is disabled. These factors are codified in tables of rules that are appended to the regulations and are commonly referred to as "the grids." 20 C.F.R. Part 404, Subpart P, App. 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. §§ 404.1569, 416.969. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability but is advisory only. 20 C.F.R. §§ 404.1569a, 416.969a.

In the instant case, the ALJ specifically found that "[a]lthough a borderline age situation exists and use of the higher age category would result in a finding of 'disabled' instead of 'not disabled,' use of this age category is not supported by the limited adverse impact of all factors on the claimant's ability to adjust to other work" (Tr. 30). Moreover, Plaintiff's argument relies on her assumption that she is only able to perform simple, routine, repetitive work, which is not supported by the record and was not the ALJ's finding in this case.

Based on the foregoing, the Court finds that the ALJ properly submitted Plaintiff's RFC to the VE and properly relied on the VE's testimony and the record to conclude that Plaintiff could return to her past relevant work and, alternatively, could perform jobs that exist in significant numbers in the national economy.

## IV.

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is AFFIRMED.

2.  The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 20th day of March, 2023.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:  Counsel of Record

19